## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

Spottswood W. Robinson III and Robert R. Mehrige Jr.
Federal Courthouse, 701 East Broad Street
Richmond. Virginia 23219

**TIFFANY O'NEAL,**

Plaintiff,

v.                                                                Civil Action No. 3:21 cv00082 _____

**EQUIFAX INFORMATION SERVICES, LLC**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**EXPERIAN INFORMATION SOLUTIONS, INC.**
Please Serve:
David N. Anthony, Esquire
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
Registered Agent,

**TRANS UNION, LLC**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**FREEDOM MORTGAGE CORPORATION**
Please Serve:
CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060
Registered Agent,

Defendants.

## COMPLAINT

Tiffany O'Neal ("O'Neal"), by counsel, sets forth the following to the Court:

## I. Jurisdiction

1.   This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p), 12

U.S.C. § 2614, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## II. Parties

2.   O'Neal is a natural person.

3.   Equifax Information Services, LLC ("Equifax") is a for-profit corporation doing business

in the Commonwealth of Virginia. Equifax is a "consumer reporting agency," as defined

in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Equifax

disburses such consumer reports to third parties under contract for monetary

compensation.

4.   Experian Information Solutions, Inc. ("Experian") is a for-profit corporation doing business

in the Commonwealth of Virginia. Experian is a "consumer reporting agency," as defined

in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Experian

disburses such consumer reports to third parties under contract for monetary

compensation.

5.   Transunion LLC ("Transunion") ") is a for-profit corporation doing business in the

Commonwealth of Virginia. Transunion is a "consumer reporting agency," as defined in

15 U.S.C. § 1681a(f). Transunion is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

6.    Freedom Mortgage Corporation ("Freedom Mortgage") is a for-protit corporation doing busines in the Commonwealth of Virginia

**Venue**

7.    Venue is proper in this Court because the registered agents for  Equifax, Experian, and TransUnion are located in the City of Richmond, Virginia and the registered agent for Freedom Mortgage is located in Henrico County, Virginia.

**Facts**

8.    O'Neal entered into a mortgage loan ("the loan") with an original principal balance of $176,600.00.

9.    The loan was evidenced by a note ("the note") secured by a deed of trust ("the deed of trust") which was a lien on a residence located at 2 Silk Tree Place, Hampton, Virginia 23666-0000.  The account number for the loan was 51464584.

10.   During all of 2000, the holder of the note was Freedom Mortgage.

11.   During 2020, O'Neal was engaged in a credit dispute with Freedom Mortgage because Freedom Mortgage's records were incorrect as to the loan.

12.   Freedom Mortgage gave information to Equifax, Esperian, and Transunion that was based on such incorrect records.

13.   Equifax, Experian, and Transunion included such incorrect information in their credit reports as to O'Neal that constituted unfair and incorrect damage to O'Neal's credit record.

14.  In August 2020, O'Neal sent written requests to Equifax, Experian, and TransUnion challenging error in the credit reports by Freedom Mortgage to Equifax, Experian, and TransUnion and requesting correction of error in O'Neal's credit record, which error was based on such error in such reports to Equifax, Experian, and TransUnion by Freedom Mortgage.   Accompanying this complaint as "Exhibit A" is a copy of one of those written requests (submitted by O'Neal to Experian).

15.  Equifax, Esperian, and TransUnion all received such written requests.

16.  On information and belief, O'Neal avers that Equifax, Esperian, and TransUnion all communicated with Freedom Mortgage informing Freedom Mortgage of such written requests from O'Neal and seeking an answer from Freedom Mortgage.

17.  Freedom Mortgage did not properly respond to O'Neal's challenge to the erroneous reports to credit bureaus by Freedom Mortgage to Equifax, Esperian, and TransUnion.   Freedom Mortgage took no proper action to correct what had been Freedom Mortgage's error in reporting to Equifax, Esperian, and TransUnion regarding the loan. .

18.  Neither Equifax, Esperian, nor TransUnion  took proper action sufficiently to investigate the written requests recited in paragraph 14 of this complaint.

19.  None of the defendants took any action in response to took proper action sufficiently to investigate the written requests recited in paragraph 14 of this complaint and/or to effect correction of O'Neal's incorrect credit report.

20.  In failing properly to investigate and to correct the error in O'Neal's credit report pointed out in the written requuest recited in paragraph 14 of this complaint, Equifax, Esperian, and TransUnion  breached the  Federal Fair Credit Reporting Act , 15 U.S.C. § 1681 et seq) ("the Fair Credit Reporting Act").

21.   In failing to investigate its own error and in failing to correct its error in reporting to the aforesaid credit bureaus as to the loan, Freedom Mortgage breached the  Fair Credit Reporting Act.

22.   As a proximate result of the said violations of the Fair Credit Reporting Act, including the conduct, action, and inaction of Equifax, Esperian, Transunion, and Freedom Mortgage, each of which did so separately, O'Neal sustained the following damages:

   A.      She was turned down in  applying to refiance the loan.

   B.      She was unable to purchase a new home because she was told she would not qualify for a mortgage loan to pruchase a new home.  As a result, when she moved away from Hampton, Virginia, she had to pay more in rent for a residence than she woul dhave had to pay if she had purchased a new home, taking into effect, inter alia, the loss of the ability to obtain tax crecdit for paument of interst on home mortgage.

   C.      She was required to pay increased interest on a personal loan.

   D.      She was dissuaded from applying for credit.

   E.      She sustained consideable emotional distress, including, (i) depression; (ii)anger, (iii) difficulty in personal relationships; (iv) a sense of having been subjected to injustice; and (v) loss of thenormal enjoyments of daily life.

23.   The conduct, action, and inactioon of Equifax, Trans Union,  Experian, and Freedom Mortgage recited herein above were willful, rendering them liable for actual and staturyr damges, and punitive damages in an amount to be determined in this case.  In the alternative, Equifax, Trans Union,  Experian, and Freedom Mortgage were negligent, entitling O'Neal to recover actual damages under 15 U.S. C. Section 168.

24.   As a result of the matters set forth herein above, O'Neal is entitled to recover actual

damages, statutory damages, punitive damages, and attorney's fees from Equifax,

Esperian, Transunion, and Freedom Mortgage, jointly and severally.


**Call for Trial By Jury**

25.   O'Neal calls for trial by jury.

**Conclusion**

Wherefore, O'Neal prays that the Court enter a judgment in O'Neal's favor against

Equifax, Esperian, Transunion, and Freedom Mortgage, jointly and severally, for actual

damages, compensatory damages, including for emotional distress, for punitive damages, for

statutory damages, and for attorney's fees.


Respectfully submitted,

**TIFFANY O'NEAL,**
By/s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Tiffany O'Neal*